# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

**United States of America,**
Plaintiff/Respondent
-vs-
**Ruben Andrade-Casales,**
Defendant/Movant

CV-09-8214-PCT-EHC (JRI)
CR-06-0346-PCT-EHC

**REPORT & RECOMMENDATION**
**On Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255**

## I. MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 30, 2009 (Doc. 1). On April 22, 2010 Respondent filed its Response (Doc. 4). Movant filed a Reply on May 21, 2010 (Doc. 6).

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

Movant was arrested on February 14, 2006, and a Complaint (CR Doc. 1) was filed on February 15, 2006, charging Movant with illegal re-entry after removal in violation of 8 U.S.C. § 1326(a), enhanced by § 1326(b)(2). On April 4, 2006, Movant was indicted on the same charge, based on allegations that "[o]n or about February 14, 2006" he "entered and was found in the United States of America at or near Kingman in the District of Arizona,

after having been previously denied admission, excluded, deported and removed." (CR Doc. 10.)

**B. PROCEEDINGS AT TRIAL**

Movant proceeded to trial on October 3rd and 4th , 2006, and was convicted as charged. (CR Docs. 32 & 33, M.E. 10/3-4/06; CR Doc. 37, Jury Verdict.) Movant was sentenced on January 18, 2007, to 63 months in prison. (CR Doc. 42, Amend. Judgment.)

**C. PROCEEDINGS ON DIRECT APPEAL**

Movant filed a direct appeal. Counsel was appointed, but was unable to find an issue to appeal. Movant filed a *pro se* supplemental brief, but the Ninth Circuit could find "no arguable grounds for relief on direct appeal." (CR Doc. 78, Memorandum at 2.)

**D. PRESENT HABEAS PROCEEDINGS**

**Motion** - Movant commenced the current case by filing his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 30, 2009 (Doc. 1). Movant's Motion asserts the following two grounds for relief.

> In Ground One, he alleges that his sentence exceeded federal sentencing guidelines. Specifically, he argues that his prior convictions occurred more than 10 years before the date of indictment on April 4, 2006, and should not have been considered in calculating his criminal history score. In Ground Two, Movant alleges that his prosecution for illegal re-entry was time-barred where he had been residing in the United States for more than 5 years before he was found.

(Doc. 3, Order 3/4/10 at 2 (citations omitted).) A response was ordered. (*Id.*)

**Response** - On April 22, 2010 Respondent filed its Response (Doc. 4). Respondents argue that the motion is without merit because: (1) the sentence was proper because the relevant limit is whether the sentence was imposed within 15 years; and (2) illegal re-entry is a continuing offense which is not completed until the defendant is discovered by immigration authorities. Respondent also argues, in the alternative, that the claim in Ground 1 is procedurally defaulted by Movant's failure to raise it on direct appeal.

**Reply** - On May 21, 2010, Petitioner filed a Reply (Doc. 6). Movant argues he was "found" when he was arrested by state officials on a traffic violation on May 23, 2000, more than five years before his arrest in the instant case.

## III. APPLICATION OF LAW TO FACTS

### A. EXHAUSTION & PROCEDURAL DEFAULT

Movant acknowledges in his Motion that he did not raise the sentencing claim asserted in Ground One on direct appeal, but asserts he did not do so because he was unaware of the applicable law, and counsel failed to point it out. (Doc. 1 at 5.) Respondent argues the claim is procedurally defaulted.

The general rule is "that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. U.S.*, 538 U.S. 500, 504 (2003). Thus, a Section 2255 movant raising a claim for the first time in post-conviction proceedings is in procedural default, and is precluded from asserting the claim. *Bousley v. U.S.*, 523 U.S. 614, 621 (1998) (finding default where petitioner challenging his guilty plea did not raise claim in direct appeal); *United States v. Frady*, 456 U.S. 152, 165 (1982) (noting that a motion to vacate or modify a sentence under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal).

Here, Movant's challenge to his sentence could have been brought on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'." *Bousley*, 523 U.S at 622 (citations omitted). Movant does not suggest he is actually innocent.

Movant does blame his failure to assert the claim on his ignorance of the law and counsel's failure to advise him. Movant's lack of knowledge of the law does not establish cause. While a lack of access to the applicable law may constitute cause, *see e.g. Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991), the "cause and prejudice" standard is equally applicable to untrained, *pro se* litigants. *Hughes v. Idaho State Board of Corrections*, 800

F.2d 905, 908 (9th Cir. 1986).

For ineffective assistance of counsel to constitute cause, it must amount to an independent constitutional violation. *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998). To establish such a violation, Movant must show both (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982). As discussed hereinafter, Movant's claim in Ground One is without merit, and thus failure to raise it cannot constitute ineffective assistance.

Therefore, Movant has failed to show cause to excuse his procedure default and Ground One must be dismissed with prejudice.

**B. GROUND ONE: PRIOR CONVICTIONS**

In his Ground One, Movant asserts that his sentence was improperly founded upon prior convictions where he was released on March 13, 1992, more than ten years prior to the instant offense. Respondent argues the relevant time limit is 15 years.

The applicable United States Sentencing Guideline provides:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

U.S.S.G. § 4A1.2(e)(1) (2006). Only where the sentence was less than one year and one month does a ten year limitation apply. U.S.S.G. § 4a1.2(e)(2) (2006).

Respondent asserts that the relevant convictions, for Possession of a Narcotic Controlled Substance and Possession of Marijuana for Sale, resulted in three year concurrent sentences, and Movant was not released until March 13, 1992. Movant does not counter that

assertion. Indeed, the records provided by Movant reference that conviction. (Motion, Doc. 1-1 at physical 7.)

The instant offense was "commenced" no later than February 14, 2006, upon Movant's arrest. That was 13 years and 11 months after Movant's release, well within the 15 year limitation.

Moreover, Movant argues he actually commenced the offense by entering the United States on May 23, 2000. (Reply, Doc. 6 at 3.)[1] Indeed, Movant correctly points to his entry as the relevant time for determining the staleness of his prior convictions. The Sentencing Guideline counts from the "commencement of the instant offense." U.S.S.G. § 4A1.2(e)(1).

> We repeatedly have held that the crime of being "found in" the United States after deportation "is a continuing offense which continues so long as the alien remains in the country." That is, the offense "commences with the illegal entry, but is not completed until discovery."

*U.S. v. Reyes-Pacheco*, 248 F.3d 942, 946 (9th Cir. 2001) (citations omitted). Thus, if Movant actually entered the U.S. on May 23, 2000, then that was the "commencement" date of the instant offense. In that case, a little more than 8 years and two months would have elapsed between his release on the prior and the "commencement of the instant offense," bringing the prior conviction within both the 15 year and 10 year limitations of U.S.S.G. § 4A1.2(e).

Accordingly, the prior conviction was properly counted, and Movant's Ground One is without merit. As noted above, because this claim is without merit, counsel's failure to bring the claim was not ineffective assistance, and thus Movant cannot show cause for failure to bring the claim earlier to excuse his procedural default in failing to bring it on direct appeal.

/ /

---

[1] Movant makes this argument in support of his statute of limitations claim. However, the cases he cites in support, *e.g. U.S. v. Lopez-Flores*, 275 F.3d 661, 663 (7th Cir. 2001), as well as *Reyes-Pacheco*, apply the concept of "commencement" of a "found in" offense for purposes of applying the prior convictions limitation in U.S.S.G. § 4A1.2(e).

**C. GROUND TWO: STATUTE OF LIMITATIONS**

For his Ground Two, Movant argues that his conviction was barred by the statute of limitations.[2] Respondent argues that the offense of being "found in" the United States after removal is a continuing offense which is not completed until discovery by immigration officials. Movant argues that his arrest by state officials on a state traffic citation suffices.

"The statute of limitations applicable to § 1326 is found in 18 U.S.C. § 3282." *U.S. v. Clarke*, 312 F.3d 1343, 1346 (11th Cir. 2002). *See also U.S. v. Ortiz-Villegas*, 49 F.3d 1435, 1437 n.1 (1995) (identifying 18 U.S.C. § 3282 as the statute of limitations applicable to 8 U.S.C. § 1326). That general criminal statute of limitations provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C. § 3282(a).

Movant concedes that for purposes of determining when his offense was committed, it is his being "found in" the United States which is relevant to his conviction. Movant argues, however that his being found by state officials sufficed. In contrast, the Ninth Circuit has consistently held that "[t]he offense of being found in the United States ends when an alien is discovered and identified *by the immigration authorities*." *U.S. v. Hernandez*, 189 F.3d 785, 791 (9th Cir. 1999) (emphasis added).

The rationale in *U.S. v. Jimenez-Borja*, 378 F.3d 853 (9th Cir. 2004) is instructive. There, the defendant was indicted for having been "found in" the U.S. on October 5, 2001. On that date, he had been arrested by local police on state matters. However, he was not "found" by immigration authorities until March 14, 2002. Thus, he argued he could not be convicted of being "found" in the U.S. on October 5, 2001. The Ninth Circuit rejected that argument, concluding that the immigration authorities' "involvement is significant only in

---

[2] Movant asserts he raised this claim on direct appeal. (Motion, Doc. 1 at 6.) Respondent does not counter that claim (or assert a procedural default), nor does Respondent argue that this claim is *res judicata*.

that it marks the end of a continuing violation. It does not mark the beginning." 378 F.3d at 857. The court went on to hold that "when the issue is whether or not the defendant was found in this country on a particular day, it does not matter who found him."

Conversely where, as here, the issue is not whether an offense was occurring on a particular day (so as to permit prosecution for events on that day), but whether it had been completed on that date so as to commence the running of the statute of limitations, the immigration authority of the discovering officials is critical. Movant makes no argument that he was found by immigration authorities prior to February 14, 2006, when he was arrested on the instant offense.

Accordingly, Movant's indictment in April, 2006 was imminently timely, and his second ground for relief is without merit.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Motion to Vacate is brought pursuant to 28 U.S.C. § 2255. The recommendations if accepted will result in Movant's Motion to Vacate being resolved adversely to Movant. Accordingly, a decision on a certificate of Appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court=s assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on

procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on procedural grounds, and in part on the merits.

To the extent that Movant's Ground One (Sentencing) is rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." However, a debate over the procedural ruling is insufficient to justify a certificate of appealability. Rather, a valid claim must also be shown. *Slack*, 529 U.S. at 484. To the extent that Movant's claims in Ground One are rejected on the merits, under the reasoning set forth herein, the claims are plainly without merit. Accordingly, regardless of whether Ground One is disposed of on procedural grounds or the merits, the certificate of appealability should be denied.

To the extent that Movant's claims in Ground Two (Statute of Limitations) are rejected on the merits, under the reasoning set forth herein, the claims are plainly without merit.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Motion, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Ground One (Sentencing) of the Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed November 30, 2009 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Ground Two (Statute of Limitations) of

the Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed November 30, 2009 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure*, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: February 16, 2011

S:\Drafts\OutBox\09-8214-001r RR 11 02 10 re HC.wpd

JAY R. IRWIN
United States Magistrate Judge